COMMONWEALTH *vs.* THOMAS E. WOOD.

A grand jury, in this commonwealth, cannot consist of more than twenty-three, or of less than thirteen

THE defendant was indicted, at the last May term of the court of common pleas, in this county, for selling spiritous liquor contrary to law. At the same term, he pleaded in abatement, that, at the term of the court of common pleas,

13 *

begun and holden on the third Monday of January last, being the first term of the court for the year 1848, twenty-two grand jurors were empanelled and sworn, and no more; that at the then present term of the court, at the time of the alleged finding of the indictment, no other grand juror was empanelled and sworn; and that but twenty-two persons were present or constituted the grand jury, by whom the indictment was returned. To this plea, the district attorney demurred, and the defendant joined in demurrer. The presiding judge, *Mellen*, J., overruled the plea, and the defendant thereupon alleged exceptions. Subsequently, the defendant, with the consent of the district attorney, who agreed that the defendant's rights as to the matter set forth in the plea in abatement should not be prejudiced thereby, entered a plea that he would not contend with the commonwealth.

*H. D. Stone*, for the defendant, admitted, that previous to the passing of the revised statutes, — no particular number being required by statute to constitute a grand jury — a less number than twenty-three would suffice. But by the Rev. Sts. *c.* 136, § 1, the number is fixed at twenty-three; and the demurrer admits that only twenty-two were returned.

*E. Wilkinson*, (district attorney,) for the commonwealth. By the common law, a grand jury may consist of any num ber not exceeding twenty-three and not less than thirteen. The provisions of the Rev. Sts. *c.* 136, relative to grand jurors, are evidently in affirmance of the common law. The fourth section provides, that in case of a deficiency of grand jurors, the court may take measures for the return of such further number as may be required. A deficiency is such a reduction of the number as will prevent the efficiency of the grand jury; and, according to the common law, thirteen are competent to act. *Tucker's Case*, 8 Mass. 286; *Wadlin's Case*, 11 Mass. 142; *Commonwealth* v. *Smith*, 9 Mass. 107.

SHAW, C. J. It is conceded, that by the common law, a grand jury may consist of thirteen, or of any greater number not exceeding twenty-three. But it is contended, for the defendant, that this rule has been altered by the Rev. Sts

c. 136, § 1, which directs that clerks shall issue writs of *venire facias* for twenty-three grand jurors to be returned, &c The statute makes no provision relative to the number necessary to form a quorum, but leaves that to the same rule of the common law, by which it was previously regulated; it is merely directory to clerks, in order that the actual attendance of a sufficient number may be the better insured.

*Exceptions overruled.*